## V. MARTIN *v.* J. BREAUX et al.

A survey which starts from certain points and lines not recognized as boundaries by the parties themselves and not shown by the evidence to be true points of departure, cannot be made the basis of a judgment establishing a boundary.

No effect can be given to a plea of prescription where the boundaries are not established in a manner to show to what property the plea must be applied.

APPEAL from the District Court of Lafayette, *Dupré*, J.

E. *Simon*, for plaintiff and appellant. E. H. *Mouton*, T. H. *Lewis* and *Crow & Gerard*, for defendants.

LEA, J. In this case the plaintiff, claiming to be the owner of a tract of land situated on the Bayou Vermillion, alleges that the boundaries which had been once fixed, separating his land from those owned by the adjoining proprietors, both above and below him, were no longer to be seen, and that said adjoining proprietors, though amicably requested, had refused to fix the limits extrajudicially. He therefore prays that they be cited, that after due proceedings, said limits may be fixed according to law, and a surveyor appointed for that purpose. Both of the defendants aver that they have been in the peaceable

and uninterrupted possession of ther respective proprieties with metes and es-
tablished boundaries as they now exist for more than thirty years. They plead
respectively the prescription of ten, twenty and thirty years.   One of the de-
fendants, *Alexander Latiolais*, treating the plaintiff's demand as a petitory ac-
tion, has called in warranty his immediate vendors, the representatives of
*Joachim Arceneaux* and *Cidalize Arceneaux*, widow of *Joseph Mouton*.  In
case of eviction, he, moreover, as a possessor in good faith claims compensation for
the improvements  put upon the premises.   It appears  that two surveys were
made in accordance with the  orders of the court, for the purpose of determin-
ing the boundaries of the respective tracts.    But it was  properly held by  the
District Court, that neither of these  surveys  could be  made the basis  of a
judgment, as  they  were made  by starting  from  certain points and lines  not
previously recognized as  boundaries by the  parties themselves, and not shown
by the  evidence to  be true  points of departure.   Upon  the  question of pre-
scription we do not  find that the  evidence establishes a  possession of thirty
years with fixed and *recognized* boundaries, serving as division lines, which are
now apparent, or which could be ascertained with certainty, and in the absence
of such ascertained boundaries, the limits should have been fixed in accordance
with the respective titles of  the parties.    The District  Judge considered that
it was the  duty of the  plaintiff to have  established the  true lines by proper
evidence, but we  think that he would have made  out his case for all the pur-
poses for which the suit was instituted, upon proof that there no longer existed
a fixed or  recognized boundary,  determining  the limits of their  respective
tracts.   As the surveys appear to be defective we are not disposed to  conclude
the parties by a judgment referring  them at once to their  titles for the ascer-
tainment of a  boundary,  but we think  the report should have  been rejected,
and a new survey ordered, and in the  event that no recognized boundary  can
be traced, division lines should be marked out by a reference to the  respective
titles of the parties, a result which  it appears might  have been attained, as in
the united  tracts there  appears to be a  sufficient quantity of land to give  to
each the respective proportions called for by their titles.

It is ordered, that the judgment appealed from  be  reversed, and that  the
case be remanded for further  proceedings according to law,  and in conformity
with the foregoing opinion, the costs of the appeal  to be paid by the appellee.