McCALEB, Justice.
Plaintiff is demanding a specific performance of an executory contract made with defendant on May 20, 1949, in which the latter promised to purchase from him five lots of ground in Square No. 1010 of the Third District of the City of- New Orleans for $2500. Defendant refused to comply with the agreement on the ground that plaintiff’s -title to the property is not valid and merchantable. Plaintiff, on the other hand, maintains that he and his ancestors in title have been in open, corporeal and public possession of the land for more than 30 years prior to the filing of this suit and, therefore, have acquired the lots by the prescription provided by article 3499 of the LSA-Civil Code.
( After hearing evidence in support of the prescriptive title, the trial judge found for plaintiff and granted him the relief requested. Defendant has appealed. ,. _
It appears from the record that plaintiff bought the five lots on May 5, 1949, for $1000 cash (just 15 days before defendant agreed t-o purchase them for $2500) from one Joseph W. Sheldon, who declared in the act that he had acquired the property by adverse possession as owner for a period in excess of 30 years, having taken corporeal possession in the year 1918 and having remained in continuous and uninterrupted possession thereafter. .
It is upon this declaration of ownership that plaintiff rests his claim to a merchantable title. In support thereof, he produced three witnesses, besides himself, who asserted that the entire Square No. 1010 in the Third District of New Orleans had been enclosed by a fence prior to the year 1918, when nineteen of the lots were owned by a corporation known as Quaker Realty Company and that it had been continuously used as a truck farm and for grazing purposes. It was also shown that, in August of 1918, the nineteen lots (together with other property) were sold by Quaker Realty Company to Interstate Bank & Trust Company of New Orleans. At "the time of that sale and for some time thereafter, Sheldon was General Sales Manager of the real estate department of the Interstate Bank. Mr. Sheldon, who is stated to be 94 years of age and infirm, did not testify at the trial and the only evidence respecting his prescriptive title was given by his son, Joseph W. Sheldon, Jr. This witness declared v that he remembered the transaction in 1918, when *14 Quaker Realty Company sold the 19 lots in Square No. 1010 to Interstate Bank & Trust Company; that his father took possession of the whole square (the 19 lots purchased and the 5 lots in question) for the ;bank and that, in 1921, he acquired the 19 lots in Square 1010 from the bank as his own and took possession of the entire square for himself. On cross-examination, he gave the following testimony:
“Q. * * * Did your father hold that property as his own or as the owner for himself or for the Interstate Banking & Trust Company? A. It was for Interstate, but in 1921, he took that property as his own.”
This answer is destructive of plaintiff’s alleged prescriptive title to the lots in suit. In order to sustain a claim of ownership by adverse possession of 30 years it is not only essential that the possession be continuous and uninterrupted during all that time; it must be public and unequivocal “and under the title of owner.” Article 3500 LSA-Civil Code. In the case at bar, Sheldon’s possession of the 5 lots in 1918 was not as owner but, admittedly, as agent for the Interstate Bank. Hence, he was a precarious possessor under Articles 3441, 3489, 3490 and 3510 of the LSA-Civil Code and could not become an adverse possessor in the absence of a showing that he manifested such án intention by some unequivocal act of hostility which was brought to- the attention of the bank. See Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369 and authorities there cited.
The fact that Sheldon acquired 19 of the lots in Square No. 1010 from the bank in 1921 cannot of itself aid him in the establishment of a prescriptive title to the five other lots, which he was holding as agent for the bank, in view of Article 3489 of the Code providing that “when a person’s possession commenced for another, it is supposed to continue always under the same title, unless there be proof to the contrary.” And even if we were to rule that the testimony of Sheldon’s son concerning his father’s possession of the lots was sufficient to show that his holding became adverse to the bank in 1921, when he bought the other nineteen lots in the square, the title pleaded by plaintiff would nonetheless be invalid as the 30 year prescription had not yet accrued on June 13, 1949, when this suit was filed.
The judgment appealed from is reversed and the suit is dismissed at plaintiff’s cost.