AYRES, Judge.
This action was instituted originally under LSA-R.S. 48:731 et seq., by which plaintiff, asserting the ownership of certain lands bordering Lake Bistineau, enclosed by properties of others, sought a right of way across the adjoining lands of the defendants.
The defendants denied generally plaintiff’s allegations and urged, as a special defense, that they, the defendants, were owners of the property claimed by plaintiff. Their ownership was predicated (1) upon the ground that the property involved was included in certain-described governmental subdivisions which had been acquired by defendants’ ancestor-in-title and from whom they acquired by inheritance, and (2), in the alternative, that the defendants acquired ownership of the property by prescription by virtue of their possession of said property as owners for a period of time exceeding 30 years. . .
Upon trial," by' agreement of the parties, the issue was limited to the question of ownership of the land in dispute. The location of a right of way as originally sought by plaintiff was deferred until after a determination of the ownership of the property was made.
Plaintiff conceded that his title was limited to such of the property described by him as was located below the 148.6-foot contour line of Lake Bistineau. Title to the property above the contour line was admittedly in defendants through a chain emanating from the United States Government.
After trial,- plaintiff died-,- following which his widow and his son were' substituted as parties-plaintiffs. •
*460 Defendants’ plea of 30 years’ acquisitive prescription was overruled and there was judgment in favor of the substituted plaintiffs recognizing them as the owners of all the property in dispute lying below the aforesaid contour line. From this judgment, the defendants appealed.
All property lying below the aforesaid contour line of the lake was acquired by the State of Louisiana upon its admission into the Union as a state, since Lake Bistineau was, in 1812, a navigable stream. State v. Richardson, 140 La. 329, 72 So. 984; State v. Bayou Johnson Oyster Co., 130 La. 604, 58 So. 405; Sapp v. Frazier, 51 La. Ann. 1718, 26 So. 378; Olin Gas Transmission Corp. v. Harrison, La.App. 1st Cir., 1961, 132 So.2d 721.
Therefore, defendants’ chain, originating in a title from the United States Government, did not extend below the contour line. Their claim to property below such line would, therefore, be predicated solely upon their plea of acquisitive prescription.
In order that title may be acquired by such prescription, possession for the required time must be shown to have been continuous and uninterrupted, public and unequivocal, and as owner; and the limits of such possession must be established. LSA-C.C. Arts. 3499-3503; Cortinas v. Peters, 224 La. 9, 68 So.2d 739; Gerrold v. Barnhart, 128 La. 1099, 55 So. 688. Thus, no effect can be given to a plea of prescription where the boundaries are not established in a manner to show to what property the plea applies. Martin v. Breaux, 12 La. Ann. 689; Hill v. Richey, 221 La. 402, 59 So. 2d 434.
Defendants-appellants contend that the property had been under fence and farmed for more than 30 years. The first fence was said to be an old rail fence, then a slab fence, and now a wire fence, extending even into the water of the lake. These three fences are claimed to have been constructed at the same location, without change, for more than 30 years. These contentions are denied by plaintiffs-appellees, who contend that the fences were not constructed on the same lines; that the first two' fences did not extend to, but were above, the contour line; and that the wire fence, located at a distance of 100 to 150 yards from the original fences, was only constructed after the dam on Lake Bistineau was built in 1933.
The general rule is that one pleading the acquisitive prescription of 30 years under LSA-C.C. Art. 3499 bears the burden of proof and must establish the facts necessary to sustain the plea. Labarre v. Rateau, 210 La. 34, 26 So.2d 279; Pierce v. Hunter, 202 La. 900, 13 So.2d 259; Walter v. Cal-casieu Nat. Bank of Lake Charles, 192 La. 402, 188 So. 43; Ernest Realty Co. v. Hunter Co., 189 La. 379, 179 So. 460; Liles v. Pitts, 145 La. 650, 82 So. 735.
The burden is, therefore, upon the defendants to establish the facts upon which the success of their plea depends. Thus, it is necessary that they establish actual possession of the property in themselves or in their ancestor for a combined period of at least 30 years. Important in this regard is the location of the aforesaid fences. These are factual issues and can only be determined by a consideration of the evidence. A detailed review of the evidence, witness by witness, would serve no useful purpose. A brief statement of the facts, which we conclude were established through a consideration of all the testimony, is deemed sufficient.
The proof, in our opinion, establishes that the possession relied upon extended only to the fences as and when the fences existed. The testimony is convincing that defendants and ancestor farmed the land to the fences.
The record, however, does not establish that the present wire fence is in the same location as the original fences. While the exact distance between the present and former fence lines is not definitely established, the consensus of the testimony is that there was a distance varying from 100 to 150 *461 yards between them. By reference to the plat offered in evidence, this difference would more than consume the area in dispute located below the 148.6-foot contour line. This places the original fence lines above the contour line of the lake. Plaintiffs are thereby relegated, in their claim of •title by prescription, to the possession based upon the enclosure effected by the wire fence erected since 1933. This possession, in point of time, is insufficient.
Governing this case, in general, are the pronouncements made by the Supreme Court in Parham v. Maxwell, 222 La. 149, 62 So. 2d 255, 257-258, wherein the court stated:
“To acquire ownership of an immovable by adverse possession, it is essential that there be a continuous and uninterrupted possession, publicly and unequivocally under the title of owner for 30 years. Article 3500, LSA-Civil Code. To prove this possession, it is necessary that evidence be submitted that there were external and public signs, or other indicia, such as the keeping up of roads and levees, the payment of taxes and the like, announcing the possessor’s intention to preserve his possession of the thing. Article 3501, LSA-Civil Code. But, even when such proof is made, the property subject to acquisition by prescriptive title is to be restricted ■within just limits, that is, it extends ■only to that ‘actually possessed by the person pleading if, Article 3503, LSA-Civil Code, i. e., the land enclosed for the entire prescriptive period by the possessor. Labarre v. Bateau, 210 La. 34, 26 So.2d 279. And, while the land claimed to be acquired need not be enclosed by fences, the markings of the boivndaries, whether natural or artificial, must be of such a quality as to give ‘ * * * definite notice to the public and all the world of the character and extent of the possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof.’ Hill v. Richey, 221 La. 402, 59 So.2d 434, 440.” (Emphasis supplied.)
We conclude, as did the trial court, that defendants did not establish such possession as owner for the requisite 30 years of the property lying below the aforesaid contour line of Lake Bistineau as would entitle them to acquire title thereto under their plea of prescription. Hence, the plea was, in our opinion, correctly overruled, and the judgment recognizing plaintiffs-appellees as the owners of such property is correct.
Therefore, the judgment appealed is affirmed, and, accordingly, pursuant to LSA-C.C.P. Art. 2089.
It is Ordered, Adjudged, and Decreed there be judgment herein in favor of the plaintiffs, Myrtle Súber Bedingfield and Jimmy E. Bedingfield, and against the defendants, Tiny Watson, Louis Watson, and Ida B. Watson Jones, overruling the plea of 30 years’ acquisitive prescription; and
It is further Ordered, Adjudged, and Decreed there be judgment herein in favor of the aforesaid plaintiffs and against the aforesaid defendants decreeing the plaintiffs, Myrtle Súber Bedingfield and Jimmy E. Bedingfield, to be the owners of all the following-described property lying below the 148.6-foot contour line of Lake Bis-tineau, to-wit:
That certain tract of land containing 5.97 acres, more or less, which lies south of the south line (as the said south line has been established by the adjusted government traverse in 1940) of Government Lot 4 in Section 4, Township 16 north, Range 10 west, Bossier Parish, Louisiana, and the north edge of Lake Bistineau;
Also, that certain tract of land adjoining the first tract described above on the west containing 13.58 acres, more or less, which lies south of the south line (as the south line of said fractional section is established by the government traverse line of 1940) of Fractional Section 5, Township 16 *462 north, Range 10 west, Bossier Parish, Louisiana, and the north edge of Lake Bistineau; and
It is further Ordered, Adjudged, and Decreed that Tiny Watson, Louis Watson, and Ida B. Watson Jones he, and they are hereby, recognized and decreed the owners of that portion of the aforesaid property lying above the 148.6-foot contour line of Lake Bistineau.
It is further Ordered, Adjudged, and Decreed that defendants pay all costs of these proceedings, including the cost of this appeal.
Plaintiffs’ rights to a right of way or right of passage over defendants’ property are reserved.
Affirmed.