346 So.2d 1333 (1977)
WM. T. BURTON INDUSTRIES, INC., Plaintiff-Appellant,
v.
Jeff McDONALD, Defendant-Appellee.
No. 5804.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
*1334 Camp, Carmouche, Palmer, Carwile & Barsh by Karl E. Boellert, Lake Charles, for plaintiff-appellant.
Roy B. Tuck, Jr., Leesville, for defendant-appellee.
Before HOOD, CULPEPPER and DOMENGEAUX, JJ.
HOOD, Judge.
This is a petitory action instituted by Wm. T. Burton Industries, Inc., against Jeff McDonald. Plaintiff seeks a judgment decreeing it to be the owner of a 120-acre tract of land in Vernon Parish. Defendant answered alleging that he has acquired ownership of a part of the above tract by acquisitive prescription of 30 years, and he reconvened for judgment recognizing him as owner of the land he has possessed. Judgment was rendered by the trial court in favor of defendant, rejecting plaintiff's demands and recognizing McDonald as owner of the property claimed by him. Plaintiff appealed.
The substantial issue presented is whether defendant's possession of the disputed tract began or has continued in his own name or under the title of owner, or whether his possession has been precarious, and thus whether the evidence supports his claim of ownership by acquisitive prescription of 30 years.
Burton Industries is the record owner of a tract of land comprising about 120 acres, located in the west part of Section 13, Township 1 North, Range 5 West, in Vernon Parish. It instituted this suit on June 11, 1975, alleging that defendant claims ownership of that tract and has refused to surrender possession of it to plaintiff.
Defendant McDonald filed an answer and a reconventional demand, alleging that for more than thirty years he has been in continuous and uninterrupted possession of a part of the above 120-acre tract, and that *1335 he has acquired ownership of the property in his possession by the acquisitive prescription of thirty years. The property claimed by defendant comprises a total of 40.27 acres, and is described in the judgment appealed from as consisting of two separate but contiguous tracts of land. Tract No. 1, claimed by defendant, comprises 39.55 acres and is located in Section 13, entirely within the 120 acres claimed by Burton. Tract No. 2 contains .72 acre, and is located in Section 14, adjacent to Tract No. 1. McDonald seeks to be recognized as the owner of Tracts 1 and 2. He does not claim to be the owner of any other part of the 120-acre tract described in plaintiff's original petition. In this suit, therefore, we are concerned only with the ownership of those two parcels of land. Both of those tracts are specifically described in the judgment which was rendered by the trial court.
Plaintiff, Burton Industries, has record title to the land which comprises Tract No. 1 and Tract No. 2. McDonald has no written or recorded title to either of those tracts of land. Both tracts were originally owned by the late William T. Burton, but they were conveyed to Burton Industries by act of sale dated May 2, 1955.
Defendant's father cultivated parts of the disputed property from 1922 until 1935, and defendant himself began to cultivate both of those tracts in 1936. His father owned some land in Section 14, immediately west of and adjacent to Tract No. 1 and Tract No. 2. McDonald moved on a part of his father's property in 1937, and he has resided at that location, near the two disputed tracts of land, continuously since that time. Defendant testified that in 1941 his father conveyed to him the 40-acre tract of land on which he has made his home since 1937.
Defendant built fences around the perimeter of the two disputed tracts of land in 1938. Those fences joined some other fences on adjacent lands to the west, and since that time those fences have formed a complete enclosure around Tracts 1 and 2 and some of the property then owned by defendant's father in Section 14. After the above fences were constructed in 1938, McDonald began using all of the land in the enclosure, including both of the disputed tracts, for pasturing cattle as well as for farming. Shortly thereafter, he cleared some of the wooded land in the enclosure and began using more of it for farming cotton, corn, soybeans and peanuts. He has raised crops and cattle on the disputed tracts regularly since 1936. He constructed a pond on Tract No. 1 in 1943, and since that time he has used that pond for watering his cattle. He sold timber off Tract No. 1 in 1943, and he has sold pulpwood off that tract on three other occasions. McDonald has never been disturbed in his use or possession of these two tracts of land. No one else has possessed or attempted to possess them, and defendant has been regarded by residents of that area as being the owner of all property in the above enclosure.
We find that defendant has been in continuous and uninterrupted possession of the disputed tracts, under the title of owner, for more than 30 years, as provided in LSA-C.C. art. 3500.
Plaintiff concedes that the two tracts of land which are the subject of this suit have been enclosed by a fence since 1937, and that McDonald has cultivated and possessed those two tracts continuously for more than 30 years. It contends, however, that defendant's possession nevertheless was not sufficient to support a plea of thirty years acquisitive prescription, because "McDonald's possession was at the sufferance and with the permission of Burton and at best precarious," and that defendant failed to exhibit the requisite "hostile acts" sufficient to apprise Burton of his intent to possess the property as owner.
The evidence shows that McDonald was employed by Burton to work as a "timber cruiser" from October, 1954, until March, 1967. His duties, as such, were to oversee the properties owned by Burton Industries in that area, to prevent unauthorized cutting of timber from those lands, and to obtain leases from trespassers who were fencing in Burton property, in order that they would not acquire ownership of the fenced-in tracts by prescription.
*1336 To aid defendant in performing his duties, Burton furnished him with maps purporting to show the lands owned by plaintiff. McDonald testified, however, that the maps were "real old" that "you couldn't tell too much about them," that the maps did not show that Burton owned the tract of land identified as Tract No. 1, and that defendant did not know that Burton Industries had record title to either of the disputed tracts of land. The maps were not introduced in evidence. The evidence convinces us that McDonald did not know that plaintiff had record title to the property he possessed.
Plaintiff contends that McDonald was the "agent" of Burton during the period of his employment, and that a fiduciary relationship existed between the parties. It argues that during that period of about 12 to 13 years defendant was a "precarious possessor," since he was plaintiff's agent, and that he could not acquire real property from his principal by thirty years adverse possession. To support that argument plaintiff relies on LSA-C.C. arts. 3490, 3510 and 3556(25); Cortinas v. Peters, 224 La. 9, 68 So.2d 739 (1953); Succession of Kemp v. Robertson, 316 So.2d 919 (La.App. 1 Cir. 1975); Matthews v. Carter, 138 So.2d 205 (La.App. 2 Cir. 1962); Neel v. Hibard, 30 La.Ann. 808 (Orl.1878).
The cited authorities established that a person who possesses real property with the consent or in the name of the true owner, or who possesses it through the indulgence and with the permission of the record owner, cannot acquire that property by thirty years adverse possession. Those authorities are not applicable here, however, because we have decided that defendant's possession was not with the consent or permission or through the indulgence of plaintiff.
Plaintiff argues, however, that defendant's possession of Tract No. 1 and Tract No. 2 was not "hostile" to the true owner, and that the evidence fails to show that his possession was with the intent to possess as owner.
The Vice-President of plaintiff company testified that it was "general office knowledge," that McDonald was possessing the land in dispute here "with Mr. Burton's permission," and that Mr. Burton, the President of Burton Industries, had given that same information to the witness. He conceded, however, that the property was never leased or rented to defendant, that no written permission was ever given authorizing defendant to possess the property, that the witness never heard anyone give defendant verbal permission to do so, and that defendant never asked anyone for permission to use the land.
The land man for Burton Industries testified that he talked to McDonald some time after 1967 about the property which the latter had enclosed and was using, but that he did not ask defendant if he was claiming the property as owner and that defendant did not voluntarily make a statement to that effect.
The evidence shows that defendant posted the property in the above enclosure, including the two tracts in dispute here, and that he used all of that property openly and as owner.
The law is settled that in order for a possessor to successfully claim the ownership of immovable property under a plea of thirty years acquisitive prescription, he must establish not only that there has been corporeal possession of the property for the required period of time, but also that there was a positive intent to possess the property as owner during that time. The intent to possess as owner may be inferred from the surrounding facts and circumstances. Ordinarily, however, the intent to possess as owner should not be inferred unless the actions of the possessor, or the surrounding facts and circumstances, are sufficient to reasonably apprise the public, and the record owner of the property, of the fact that the possessor intended to possess as owner. The burden of proof to establish the facts essential to support a plea of thirty years acquisitive prescription rests on the party who pleads it. Humble v. Dewey, 215 So.2d 378 (La.App. 3 Cir. 1968), and cases cited therein.
*1337 In the instant suit the trial judge concluded that defendant had maintained possession of the two tracts of land in dispute here, as owner, for more than thirty years, and that he acquired ownership of that property by acquisitive prescription of thirty years. He thus rendered judgment decreeing defendant to be the owner of the subject property.
The evidence convinces us, as it did the trial judge, that McDonald maintained continuous and uninterrupted possession of Tract No. 1 and Tract No. 2 for more than thirty years, and that his possession was public and unequivocal and under the title of owner, all as provided in LSA-C.C. art. 3500. We find that the possession maintained by defendant during that period was open and "hostile" to the record owner, and that it was sufficient to reasonably apprise plaintiff, or anyone else, of the fact that he intended to possess the property as owner. Our conclusion is that defendant has satisfied the burden of proof which rested on him, and that there is no error in the judgment rendered by the trial court.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.