385 So.2d 419 (1980)
Thomas E. SHAFFETT
v.
Lee VICKS.
No. 13302.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*420 John R. Burgess, Livingston, for plaintiff.
Curtis M. Baham, Jr., Hammond, for defendant.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
The issue before this Court is the amount of damages a defendant must pay for trees cut and removed by the defendant, acting in good faith, from the land of the owner, without the latter's consent, where the boundary line between plaintiff's and defendant's land has not been fixed although there is a surveyed property line for the plaintiff's land.
The plaintiff owns the southerly tract of land, comprising 7.52 acres, which he acquired in an exchange with the partnership of Batson & Jones on March 29, 1977. The tract had been surveyed for this transaction by John D. Adams, Surveyor, on March 14, 1977. The north boundary line was about 1332 feet in length and was indicated by witness trees at each end, with iron pipes (tied with red ribbons) at various points along the straight line. The property to the north of the plaintiff's tract was acquired by the defendant by credit deed from the Blackwells in July of 1978. This property has not been surveyed. The boundary between the two tracts has never been fixed, the two tracts apparently at one time having been owned by one owner, Ralph Jones.
After his acquisition, defendant Vicks arranged to have his timber cut by George and Josh Chappel, loggers of many years experience. The property line between the two tracts (the north line of the Shaffett tract) was pointed out to Vicks by Shaffett; and Vicks, in turn, pointed out the line to the loggers.
The timber was cut and removed in August and September of 1978. It was on September 15, 1978, that Shaffett discovered that Vicks' loggers had cut over the property line, cutting and felling about 75 trees over an area of 1½ acres. At that time, Shaffett and Vicks discussed permission to remove the timber if Vicks paid for it.
When Vicks failed to pay him, Shaffett brought this suit for damages for trespass, asserting that the willful and intentional *421 cutting and removal of plaintiff's timber rendered defendant liable for civil damages in the amount of three times its market value. LSA-R.S. 56:1478.1.
Defendant responded that he had acted in good faith and that his logger had only cut and removed timber within the property line which had been pointed out to defendant by plaintiff. It is not seriously disputed that the loggers logged on the plaintiff's land.
After trial on the merits, the District Court rendered judgment in favor of Thomas E. Shaffett against Lee Edward Vicks in the sum of $4,076.88, plus interest and costs, the measure of damages being the treble damages provided by LSA-R.S. 56:1478.1(C). The defendant's motion for a new trial was denied. He then suspensively appealed to this Court.
The parties are in accord that the controlling statute is LSA-R.S. 56:1478.1, which provides:
"Trees, cutting without consent; penalty:
"A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
"B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed.
"C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed, except however, that the provisions of this section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and that no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.
"D. The provisions of this section shall not apply to the clearing and maintenance of rights of way or to utility service situations where a utility is acting in good faith to minimize the damage or harm occasioned by an act of God; the provisions of this Act shall not apply to land surveying by or under the direction of a registered professional land surveyor, duly registered under the laws of the state of Louisiana."
In the instant case, the record establishes that there are no visible ownership lines, marked boundary lines, or designated cutting area lines. The only indication of a line was the north line of the plaintiff's tract of land, which was a survey line placed by John D. Adams, Surveyor, at the time of the plaintiff's acquisition from Batson & Jones in March of 1977. The boundary line between the plaintiff's tract and the defendant's has never been formally fixed. There are no natural boundaries between the property; neither are there fences or artificial boundaries dividing the properties.
We think it appropriate at this point to note the remark of the Court in Harvey v. Havard, 274 So.2d 917, 923 (La.App. 1 Cir. 1973), affirmed, 287 So.2d 780 (La.1973):
"It is difficult to argue with the proposition that in determining whether a trespass has been committed, the boundary must be located with certainty."
Although the plaintiff pointed out to the defendant the property line and defendant in turn pointed it out to the loggers, the record reflects that some of the trees on about 1½ acres of plaintiff's land were mistakenly cut by the loggers. It is of interest to note that the plaintiff never went to observe the timber cutting despite his knowledge that the defendant had a logging crew in the area near the property line. The record shows that the defendant *422 stopped the cutting of the trees as soon as he was told that the loggers had crossed the property line, although the loggers did go ahead and remove 70-75 timber-trees. The trial court held Vicks was in good faith, but interpreted LSA-R.S. 56:1474.1 as requiring an assessment of treble damages. We disagree with this interpretation of the statute.
We believe that LSA-R.S. 56:1478.1(A)-(C) means, for our purposes, that damages are assessed against a person who cuts and removes timber from another person's land without the owner's permission. The penalty of damages is levied in all such situations. The amount of the penalty depends on the circumstances of the particular timber-cutting. If the timber-cutter "wilfully and intentionally" cuts and removes the timber, he is liable for damages in "the amount of three times the fair market value" of the timber. If the timber-cutter "in good faith" cuts and removes timber "across ownership lines, marked boundary lines, or outside of designated cutting area lines," he is liable for damages for "three times the fair market value" of the timber. If the timber-cutter "in good faith" cuts and removes timber across a property line which is not visibly designated as a demarcation line between two adjacent properties, he is only liable for the fair market value of the timber. He is not liable for triple damages. It should be kept in mind that as a punitive measure, this statute must be strictly construed; it is only when a person clearly violates its provisions that he will be assessed the severe penalty of triple damages.
We find that subsection B of the statute is not applicable, because the record establishes that Vicks' loggers did not willfully and intentionally cut and remove timber from Shaffett's land. We find that under subsection C defendant, being in good faith, would be liable for treble damages only if there was a visibly designated demarcation line dividing the two properties. The evidence in the record establishes beyond any question that there was no such dividing line; i. e., an experienced timber man could go from Vicks' tract to Shaffett's tract without a noticeable difference, unless he happened to see an iron stob. It appeared to be one stand of timber.
Consequently, we find that Vicks is not to be assessed for treble damages under LSA-R.S. 56:1474.1, but is liable only for the fair market value of the timber removed. For this damage, we award the plaintiff the sum of $1,358.96. We base this award on the appraisal of Gaston Lanaux, III timber manager for Crown Zellerbach Corporation, an experienced forester with a B.S. degree in Forest Management from L.S.U., who made a 100% stump count (75 stumps) and used the Doyle scale (a standard of measure for standing timber), estimating the log volume as 8,471 board feet, and the pulpwood volume as 0.45 cords, and using a price of $160/M for pine logs and of $8.00 per cord for pulpwood. Mr. Lanaux fixed a value of $1,358.96. This evidence is uncontradicted by the defendant. The trial judge also accepted this figure as the fair market value of the timber.
As to the claim of the plaintiff for damages for mental anguish and for depreciation of the property, since he neither appealed nor answered the appeal we cannot consider those items.
For the foregoing reasons, we amend the judgment to reduce the award from $4,076.88 to the sum of $1,358.96, and render judgment in favor of plaintiff, Thomas E. Shaffett, and against the defendant, Lee Edward Vicks, in the amount of One Thousand Three Hundred Fifty-eight and 96/100 ($1,358.96), plus legal interest from the date of judicial demand until paid. In all other respects the judgment is affirmed. We assess the costs of this appeal equally between the appellant and appellee.
AMENDED AND AFFIRMED.