406 So.2d 730 (1981)
Clarence N. GEWIN, Plaintiff-Appellee,
v.
WILLAMETTE INDUSTRIES, INC., Defendant-Appellant.
No. 8438.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Napper, Madden & Rogers, R. H. Madden, III, Ruston, for defendant-appellant and Tommy Rogers.
Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, CUTRER and LABORDE, JJ.
LABORDE, Judge.
In this action for damages for trespass to immovable property, Clarence N. Gewin, appellee, sued Willamette Industries, Inc., appellant. The trial court awarded Gewin treble damages for the value of the timber taken or destroyed, and general damages plus court costs. It denied Gewin's demand for attorney's fees. We affirm. We hold that the trial court properly awarded treble damages under the provisions of LSA-R.S. 56:1478.1 par. C; that the general damage *731 award was within the great discretion allowed the court; and that no law or contract existed between the parties which would allow assessment of attorney's fees.
We take the liberty of quoting in full the scholarly trial judge's reasons for judgment:
"This is a suit by a landowner for damages for trespass.
The Plaintiff, Clarence N. Gewin, alleging himself to be the owner of a certain tract of land, in Sabine Parish, contends that the Defendant, Willamette Industries, Inc., trespassed upon approximately twelve to fifteen acres of this land, cutting and removing a wide variety of timber, including very large hardwood trees; damaging young growing timber thereon, and leaving large trees that were cut but not removed, tree tops and debris over the entire area wrongfully cut, leaving the area in such a state of devastation that it could only be traversed with great difficulty, and rendered precise determination of the area involved most difficult.
Plaintiff alleges that Defendant's conduct was reckless, wanton, willful and in complete disregard of his property rights.
Plaintiff alleges that the wooded area was used by himself and his family for recreational purposes, and, in addition, was used by him for personal, social and business purposes, by his social and business friends and acquaintances, for squirrel hunting, and Plaintiff seeks damages for converted value of timber, damage to timber and land in logging operation, loss of use of property as a recreational area; mental and emotional pain and suffering, attorneys fees, and costs of court.
Defendant acknowledged the trespass, but denies that it was intentional.
The law applicable to Plaintiff's claim insofar as it applies to the timber that was cut, is set forth in LSA-R.S. 56:1478.1, in the following language:
`A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed, except however, that the provisions of this section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and that no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.'
Also, insofar as other damages are concerned the Court must consider La. Civil Code Art. 2315, which provides, in part:
`Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.'
The evidence establishes beyond any question that Defendant was guilty of gross negligence in ignoring the public records and its own records, in its own office, in cutting the timber on Plaintiff's land. However, it is not necessary for this Court to determine whether this reckless, heedless, negligent cutting of Plaintiff's timber constituted `willful and intentional' cutting and destroying of Plaintiff's timber, as denounced by Par. B of L.S.A. R.S. 56:1478.1, because the facts of the case clearly establish that Par. C. of L.S.A. R.S. 56:1478:1 are applicable.
Defendant owned land to the South of and adjoining the property of Plaintiff. These two tracts of land were divided by an old Las Omegas Grant Line, which dates back to the days when this area belonged to Spain. This line had, at some point some sixty years previously, been blazed on the trees dividing the property and was such that Mr. M. B. Gewin, the *732 84 year old father of Plaintiff, could follow it without any difficulty. It is the type of marks anyone with any experience at all in the timber business know to look for, and can follow. It is the type of line that clearly designates both ownership lines and boundary lines.
In addition, the evidence established that the timber on defendant's land, to the South, had been cut as recently as some time in the 1940's whereas Plaintiff's land, joining Willamette on its North side, had not been cut since sometime prior to 1920. This fact alone constituted a boundary situation that is glaring to any forester of any degree of competence. Saw log type timber with less than forty years growth along side timber with growth of in excess of sixty years is certainly a noteworthy boundary line, or dividing line, that should have alerted any timber man that he was passing from one tract to another.
The Court finds the provisions of L.S.A. R.S. 56:1478.1. Par. C. applicable.
Mr. Jerry Bazer, qualified forester, with many years of experience, and personally known to this Court as a person of competence and integrity, was qualified, without objection, as an expert in this field, and testified. On the commercial value of the timber cut, Mr. Bazer fixed the price of pine saw logs at $275.00 per thousand board feet, with 3,012 board feet cut, for a total value of $828.30. See D-35. One cord of pulpwood at $10.00 per cord, 46,771 board feet of hardwood at $60.00 per thousand for a value of $2,806.26. The total market value of the timber, at the time cut, was $3,644.56. Multiplied by 3, we arrive at the figure $10,933.68.
Plaintiff's damaged land, with an estimated area of 13.5 acres, will require $200.00 per acre to clean up and plant in pine; for a total of $2,700.00.
The $7,500.00 suggested by Plaintiff as a fair award for general damages is appropriate in this case.
Defendant destroyed a virtual hunter's paradisean area filled with massive hardwood trees that provided a nesting ground for squirrels. Plaintiff did not retain this growth for the commercial production of trees. It was a part of a recreation area which had been damaged beyond repair. As a hunting area it has been destroyed. If Plaintiff commenced at this moment to attempt to reproduce this area, he could not do so within his lifetime. He was understandably upset, and depressed, and the Court finds that he in fact suffered, and continues to suffer severe mental and emotional trauma as a direct result of the Defendant's destruction of the stand of timber of which he was so proud. Boswell, v. Roy O. Martin Lumber Company, 363 So.2d 506; Turner v. Southern Excavation, Inc., 322 So.2d 326.
The Court finds no statutory basis for assessing attorney fees.
The expert witness fee of Mr. Jerry Bazer is fixed at $200.00 and assessed as costs.
Defendant shall be cast for all costs of these proceedings."
On appeal, appellant contends that LSA-R.S. 56:1478.1, par. C, is not applicable to the instant case; that the trial court abused its discretion in fixing the value of the timber cut; that the trial judge awarded excessive general damages; and that attorney's fees are not allowable in this case. We will discuss the four assignments of error separately.
In urging that LSA-R.S. 56:1478 is inapplicable to this case, appellant relies heavily on the recent case of Shaffett v. Vicks, 385 So.2d 419 (La.App. 1st Cir. 1980) where the court held that defendant was not liable for treble damages where defendant's loggers did not act willfully and intentionally in cutting and removing trees from plaintiff's property and the two properties were not divided by any visibly designated demarcation line.
In the instant case, which is distinguishable from the Shaffett case, the trial court specifically found that there was a marked line dividing the properties sufficiently clear for Mr. M. B. Gewin, plaintiff's 84 *733 year old father, to follow it without difficulty. Further, the trial court found that plaintiff's timber was much taller since no logging operations had been conducted on that property for a period in excess of sixty years. The hardwood timber on defendant's tract had been cut in the last forty years. The trial court found that the difference in timber growth "should have alerted any timber man that he was passing from one tract to another."
Appellant's obvious knowledge of the Gewin property and its boundaries is evidenced by Exhibit P-2A. In response to an invitation to bid by Gewin to sell the timber on his property, appellant had offered a price of more than $15,000 for the standing timber. An offer to purchase by appellant indicates that they had cruised the tract to be bought, ascertained the boundaries and determined the volume of timber on the land prior to offering a bid price.
We conclude, as did the trial judge, that appellant was aware of the boundary between its property and the Gewin property and that appellant, even in good faith, is liable to Gewin for three times the fair market value of the trees cut, felled and destroyed or removed.
Next, appellant contends that the trial court should have accepted the calculations of their forestry expert in fixing the value of the hardwood trees and timber destroyed on the Gewin property. We disagree. The trial court accepted the testimony of Jerry Bazer, a qualified forester who was accepted without objection by appellant, as an expert in the field and personally known to the court as competent and qualified. The items awarded by the courtthe value of the timber and the clean up and re-planting estimatesare recoverable and supported by the evidence in the record. These findings and awards will not be disturbed on appeal. Concerning this assignment of error by appellant, we find no trial court error.
Appellant's contention that the trial judge abused his discretion in awarding general damages is without merit. Louisiana Civil Code Article 1934 (3) provides in pertinent part:
"In the assessment of damages ... in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, ..."
The record reflects that Gewin was upset about the damages inflicted to his property by appellant and for the loss of his squirrel hunting grounds. Undoubtedly, Gewin suffered considerable mental pain and suffering. We conclude that the trial court's award fell within the range of its "much discretion." Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506 (La. 1978).
Gewin answered the appeal urging this court to add attorney's fees to the judgment granted by the trial court. Our jurisprudence is well settled that attorney's fees are not allowable unless they are particularly authorized by law or a contract between the parties. Simmons v. Hernandez, 287 So.2d 637 (La.App. 3rd Cir. 1973), writ refused, 290 So.2d 902 (1974). Gewin's request for attorney's fees is denied since we know of no authority for awarding attorney's fees in this case. LeFleur v. Brown & McKenzie, Inc., 388 So.2d 854 (La. App. 3rd Cir. 1980).
For the above and foregoing reasons, the judgment appealed by defendant-appellant is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.