SWIFT, Judge.
The .plaintiff, Lee J. Dauzat, filed this suit for a declaratory judgment against the defendants, the Fords, seeking to be declared the legal owner of a certain tract of land situated in Avoyelles Parish, Louisiana, by virtue of thirty years acquisitive prescription. The defendants answered denying the plaintiff’s right of ownership and filed a reconventional demand asking to have a fence line, built by the plaintiff across the northern part of the disputed tract, removed to another location. The trial court rendered judgment dismissing both the main and reconventional demands. From this judgment only the plaintiff, Lee J. Dauzat, perfected an appeal. Defendants have not answered the appeal.
In 1943 the plaintiff-appellant purchased a tract of land from Victor Bordelon situated in an area known as “Barbin’s landing.” This tract was described as containing twelve acres, more or less, bounded on the north by a public road, on the east by the *49 Red River and on the south and west by Ben Walker, the defendants’ ancestor in title.
In 1963 Oliver Ford acquired a tract of land containing approximately 28 arpents from Taitón L. Valrey, the successor-in title to Ben Walker. In 1978 Ford conveyed this property to his children, the defendants. According to the deed from Valrey to Ford, this tract was bounded on the north by Ferdinand Bordelon and by Lee J. Dauzat, on the south by property formerly belonging to H. F. Barbin, on the east by Lee J. Dauzat and the Red River and on the west by Gordon Bayou. It formed an L-shape, joining the land acquired by the plaintiff from Bordelon on that tract’s west and south sides, and its southern part extended east to the river.
Sometime before 1945 a public road and a levee were constructed to the west of the Red River, running in a northerly-southerly direction. This road and levee divided the Dauzat property into two parts and their southerly extensions cut off approximately one acre from the east side of the southern portion of the Ford tract. The ownership of this one acre tract situated east of the road and west of the river is in dispute in this suit.
In 1947 Mr. Dauzat began to graze cattle over the eastern part of his 12 acre tract and the disputed parcel and he did so until 1979. Dauzat testified that in 1947, “Well there was no fence to talk about” on the one acre tract. However, the plaintiff said that about this time he built a fence between the eastern side of the public road and the western side of the levee which he contends enclosed the disputed property with fences on the west and south, the Red River on the east and the eastern part of Dauzat’s land on the North. However, there were only remnants of a fence in the area of the northern boundary of the disputed property and we have not been able to determine with any degree of certainty that there was a fence on the south boundary of the disputed tract until 1979 when one was erected by the plaintiff. There was also a fence on the western side of the public road where it crossed the lower portion of the Ford tract.
In December of 1962 the plaintiff had his property surveyed. The survey plat reflected that the disputed tract was not a part of the land plaintiff purchased from Victor Bordelon in 1943. Sometime thereafter plaintiff asked Oliver Ford to help him repair what appears to have been a fence along the road on the western side of the disputed property. Mr. Ford told him he did not have time and to “go head and make the fence you want but don’t touch this old fence,” apparently referring to the remnants of the fence which defendants contend was on the true northern boundary of the disputed property. At this time Mr. Dauzat showed Mr. Ford the plat which indicated that the northern boundary of the disputed acre was south of the old fence line.
In 1979 two of the defendants, Oliver Ford, Jr. and Lionel Ford, visited the plaintiff and asked him to remove the road fence on the western boundary of the disputed property. The plaintiff asked the defendants whether he could buy or lease this property, but the latter refused the offer. Approximately ten days later the defendants’ mother, Mrs. Oliver Ford, cut the plaintiff’s fence on the east side of the road in two places, because of his failure to remove the fence.
Following this incident the plaintiff erected two fences running in an easterly-westerly direction along what he considered to be the north and south boundaries of the disputed tract.[1] However, he placed cattle gaps therein and continued to cross his cattle over the disputed tract in order for them to graze on his southern tract.
The only activities that the defendants and their ancestors in title conducted on the disputed tract were crossing the property to go swimming and fishing, picking berries and hunting for rabbits.
*50 The defendants presented testimony to the effect that Oliver Ford protested a number of times to plaintiff that he was on his property and requested Dauzat to remove the road fence along the western boundary of the disputed tract. However, the plaintiff testified that his possession and use of the property was uncontested until just before the defendants cut the fence in 1979. The defendants also testified that the plaintiff removed some dirt from the disputed tract and upon Oliver Ford’s protest this was stopped. On the other hand, the plaintiff testified that the dirt was being removed from his own property on the north, not from the disputed tract.
The sole issue presented on this appeal is whether Lee J. Dauzat’s possession has been sufficient to give him a thirty-year prescriptive title to the one acre in dispute.
One of the grounds given by the trial court for dismissal of suit was that the plaintiff had failed to meet his burden of proving that his possession of the disputed property had been open, corporeal, continuous, unequivocal and as owner for a period of 30 years. Whether or not the plaintiff actually had continuous possession of the land as owner for 30 years involves questions of fact. Upon appellate review such findings of the trial court should not be disturbed unless manifestly erroneous. Meridian Land and Mineral Corporation v. Bagents, 211 La. 627, 30 So.2d 563 (La.1947); Barrett v. White, 386 So.2d 945 (La.App. 3 Cir. 1980).
In Wm. T. Burton Industries, Inc. v. McDonald, 346 So.2d 1333, 1336 (La.App. 3 Cir. 1977), this court said:
“The law is settled that in order for a possessor to successfully claim the ownership of immovable property under a plea of thirty years acquisitive prescription, he must establish not only that there has been corporeal possession of the property for the required period of time, but also that there was a positive intent to possess the property as owner during that time. The intent to possess as owner may be inferred from the surrounding facts and circumstances. Ordinarily, however, the intent to possess as owner should not be inferred unless the actions of the possessor, or the surrounding facts and circumstances, are sufficient to reasonably apprise the public, and the record owner of the property, of the fact that the possessor intended to possess as owner. The burden of proof to establish the facts essential to support a plea of thirty years acquisitive prescription rests on the party who pleads it. Humble v. Dewey, 215 So.2d 378 (La.App. 3 Cir. 1968), and cases cited therein.” [Emphasis added.]
In regard to the character of his possession, Mr. Dauzat’s own testimony indicates that he did not consider himself owner of the disputed property. His attempt to get the Fords to join him in rebuilding the fence, his showing Oliver Ford the plat of survey reflecting the true boundary between his northern property and the disputed tract and his offer to lease or buy this acre in 1979, instead of proclaiming ownership, all contradict the plaintiff’s contention that he had. a positive intent to possess the property as owner while grazing his cattle thereon. Certainly these acts would not reasonably apprise the record owners of the land of the fact that he intended to possess it as owner to their exclusion.
From our review of the record we are unable to say that the trial judge was manifestly in error or clearly wrong in finding that the plaintiff’s possession of the disputed one acre tract has been “unequivocal and as owner for a period of 30 years.” Therefore, his plea of 30 years prescription is unavailing.
For the foregoing reasons, the judgment of the district court is affirmed at the cost of plaintiff-appellant.
AFFIRMED.

. Approximately eight years earlier plaintiff had purchased the property south of the disputed property. If there was a fence between these two tracts it seems that it was removed thereafter.