441 So.2d 57 (1983)
Stuart L. WILLIAMS, et ux, Plaintiffs-Appellees,
v.
Henry PEACOCK, Defendant-Appellant.
No. 83-265.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*59 Self & Burkett, Don M. Burkett, Many, for defendant-appellant.
Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, for plaintiffs-appellees.
Before FORET, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
This is a boundary action and an action for damages for trespass to immovable property.
The Williamses brought these actions alleging the boundary line between the contiguous estates had been a fence which the defendant, Henry Peacock, removed and that trees were cleared by the defendant upon the plaintiffs' estate. The plaintiffs alleged the fence had been in existence in excess of 30 years and that they and their ancestors in title had possessed the land up to the fence during that period. The plaintiffs prayed that the trial court recognize the plaintiffs' right to possession of the property up to the fence line, that the defendant be ordered to restore the fence to its previous location, and that the defendant be ordered to pay property damages, attorney's fees and court costs. From a judgment in favor of the plaintiffs recognizing the former fence line as the boundary between the parties' two tracts of land and ordering the defendant to replace the fence at his expense and pay the plaintiffs $722.97 in damages for the trespass and court costs, the defendant has appealed. We affirm.
The three issues presented on appeal by appellant are whether 1) the trial court erred in failing to establish the boundary according to the respective titles of the parties, 2) the trial court abused its discretion in failing to appoint a surveyor to establish and mark the proper boundary before judgment, and 3) the trial court abused its discretion in awarding $722.94 in damages for the trespass and $200 as an expert witness fee.
The appellees answered the appeal contending the trial court should have awarded attorney's fees.
The boundary in dispute is that which lies between the Williams property on the west and the Peacock property on the east. Since before 1937 a fence had been in existence running north and south between the two properties. In December 1981 the defendant took down the fence and cleared and sold timber from the land eight feet west of where the fence had been. The plaintiff and his ancestors in title had used the property up to the fence for grazing cattle and hunting for a period far in excess of 30 years. The plaintiff had put "posted" signs on the fence about 10 years ago. The character of the land was visibly different on opposite sides of the fence. On the west side (Williams estate) there was forest; on the east (Peacock estate) it was apparent the land had once been in cultivation; the trees were young.
The defendant testified that originally there had been three fences running parallel north and south between the two tracts of land. The defendant claimed that the center one of these three fences represented the boundary between the two estates and that it was once located approximately eight feet to the west of the fence which the defendant tore down in 1981. The third fence, according to the defendant's testimony, had been located approximately eight feet west of the center fence. The defendant and three of his former employees testified that the remains of the two outer fences were in existence in 1967 and that they cut timber to the line represented by the center fence.
Plaintiffs presented testimony which disputed the existence of more than one fence. Plaintiff Williams testified that only one fence has separated the two estates in the past 45 years. Harmon Jamison, an adjacent landowner of both parties, testified he was familiar with the property since 1949 and that he regarded the fence which the defendant tore down in 1981 as the boundary *60 between the two estates. Mr. Jamison stated no other fence was ever visible. Williams explained that remnants of fence wire could be found near the existing fence because his land had once been divided into fourteen fields, all fenced, and that the boundary fence was intersected at places by these field lines. Other witnesses for plaintiffs testified that there was but one fence which was recognized as the boundary.
The trial court rendered judgment in favor of plaintiffs recognizing the fence location as the boundary. Appellant contends this was error, and that the boundary should have been fixed according to the respective titles of the parties.
La.C.C. art. 794 reads:
Art. 794. Determination of ownership according to prescription
When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds.
As this court stated in Fontenot v. Marks, 430 So.2d 810 (La.App. 3rd Cir.1983):
The applicable law was set forth in LeBlanc v. LaBorde, 368 So.2d 1126 (La. App. 3rd Cir.1979) wherein this court stated:
"[W]here there is a visible boundary and where there has been actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds, then the party who possesses acquires the right to the land beyond their title. William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977); Brookshire v. Guidry, 355 So.2d 559 (La.App. 3 Cir.1978).
The requirements of these articles indicate that one must maintain an enclosure, such as a fence, around the property and exercise open, physical possession as owner for a continuous and uninterrupted period of thirty years. Martin Timber Company v. Taylor, 187 So.2d 196 (La.App. 3 Cir. 1966). There must have been not only evidence of a corporeal possession of the property for the required period of time, but also a positive intent to possess as the owner shown by the possessor during the time. William T. Burton Industries, Inc. v. McDonald, 346 So.2d 1333 (La.App. 3 Cir.1977). Finally, the tacking of possession of all predecessors in title is permitted for acquisitive prescription beyond title to a visible boundary. Dubois v. Richard, 223 So.2d 198 (La.App. 3 Cir.1969)."
We note that in a boundary action, the boundary's location is a question of fact to be determined by the trier of fact, and such a determination should not be reversed on appeal in the absence of manifest error. Richardson v. Scrantz, 385 So.2d 1269 (La.App. 3rd Cir.1980); Simmons v. Toliver, 422 So.2d 729 (La.App. 3rd Cir.1982).
In the present case, even assuming that the titles of the parties would have established the boundary eight feet to the west of the fence, the trial court did not err in establishing the boundary line as the former fence line. It is clear from the evidence that the plaintiffs and their ancestors in title had possessed the property up to the fence as owner for more than 30 years. The evidence also preponderates as to the existence of one fence as the boundary between the two estates for at least 30 years. The testimony was undisputed that the trees on the plaintiffs' side of the fence were much larger, as were those along the fence line itself. This is revealed not only by the testimony but also by the photographs of the stumps in evidence. The evidence did not support defendant's testimony that he cut the trees in 1967 within the strip eight feet to the west of the fence. We find no disturbances in the plaintiffs' possession during the 30 year period.
*61 Appellant's contention that the trial court erred in failing to appoint a surveyor during the proceeding to establish the boundary line according to the titles of the parties is without merit. LSA-C.C.P. art. 3692 leaves the appointment of a surveyor to the discretion of the court. We find no abuse of discretion in the trial court's decision that a survey was not necessary in order to evaluate the respective contentions of the parties. We note that the trial court did appoint a surveyor to ascertain and locate the common boundary of plaintiffs and defendant as said boundary was established by the judgment (the fence line). This was proper under Morrison Grain Co., Inc. v. Charrier, 410 So.2d 1202 (La.App. 3rd Cir.1982).
As to the award of damages and the expert witness fee we find no abuse of discretion. Marvin Jackson, an expert in the field of timber evaluation, appraised the value of the timber cut by the defendant on the plaintiffs' property at $722.97, which was the amount the trial court awarded the plaintiffs. This was the only evidence offered regarding the value of the timber.
The plaintiffs answered the appeal contending that the trial court improperly denied attorney's fees for his successful trespass action. The jurisprudence is well settled that attorney's fees are not allowable unless they are particularly authorized by law or by a contract between the parties. Gewin v. Willamette Industries, Inc., 406 So.2d 730 (La.App. 3rd Cir.1981). The trial court was correct. There is no authority for awarding attorney's fees in this case. Gewin, supra.
For the above and foregoing reasons, the judgment appealed by defendant-appellant is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.