TED R. BROYLES, Judge Pro Tem.
This is a trespass and boundary action involving contiguous lots situated in the City of Opelousas, La. Plaintiffs, Albert Richard and his wife, Lucille Shilo Richard, are the owners of a lot described as follows:
“A certain lot or parcel of ground situated in the City of Opelousas, St. Landry Parish, Louisiana, together with all buildings and improvements thereon, having a front of 126 feet, more or less, on the south side of Prudhomme Street by a depth between parallel lines of 109 feet, more or less, and bounded now, or formerly, on the north by Prudhomme Street, on the east by Beatrice Pinckney Jason, on the south by Frederick Felton Donato, and on the west by Frederick Felton Donato;”
It is bounded on the south and west by L shaped property owned by the defendant, Mrs. Ollie Rea Thierry.
The parties trace their title to a common author, Dr. Raphael E. Donato, late resident of St. Landry Parish. Plaintiffs acquired their lot in 1951 directly from Dr. Donato’s heirs; defendant acquired, after a mesne conveyance, in 1958.[1]
*606 Following the acquisition by the defendant, the Richards and Mrs. Thierry engaged in verbal disputes from time to time regarding the south boundary of the Richards. In 1976, perhaps in an effort to allay the discord, Mr. Richard engaged the services of William H. Jarrell, Jr., a civil engineer and land surveyor, of the firm of Morgan Goudeau and Associates. His survey and the plat thereof hardly had the desired effect, because when subsequently Mr. Richard attempted to have a fence constructed along the designated southern property line, Mrs. Thierry appeared and stopped the construction. She then caused her own hurricane fence to be built along a line which she assigned, without regard to the Jarrell survey.
In this suit which followed, the plaintiffs sought injunctive relief and damages and, alternatively, the judicial establishment of the boundaries. Defendant answered and urged thirty years acquisitive prescription.
On joint motion of the parties through counsel, and pursuant to LSA — C.C.P. Article 3692, the trial judge appointed William Jarrell to survey the properties involved. His survey was an adaptation and expansion of the 1976 survey prepared by him. Both plats were received in evidence without objection.[2] The trial judge ruled for plaintiffs, fixing their southern boundary according to the plat of survey, enjoining defendant from trespassing, and allowing nominal damages in the sum of $50.00.
Three days after the signing of the judgment and on defendant’s motion, a new trial was ordered. After certain continuances and on October 12,1982, or approximately a year after judgment was rendered, this minute entry was recorded:
“New trial granted for the limited purpose of taking Evidence on the Question of whether the north and south boundary lines of the original subdivision lots ran perpendicular to Occidental Street.”
Thereafter defendant filed additional pleadings seeking to expand the order for new trial. Evidence of the motion for new trial was adduced on May 9, 1985. The record does not affirmatively disclose the ruling of the trial court with regard to the “petition to expand,” but he doubtless ruled against the defendant in view of the record. The defendant appeals devolutive-iy.
The first error specified is a complaint that the trial court erred in recognizing the efficacy of the survey. The argument is without merit. There was no other, countervailing survey offered by the defendant during the trial on the merits. As noted above, the surveyor was appointed by the court on the joint motion of the parties, and his survey was admitted without objection. Unless the trial judge had regarded the plea of prescription of thirty years as valid, it was his duty to fix the boundaries according to the survey. LSA C.C.P. Article 3691, et seq.
The second error assigned presupposes that defendant proved, by a preponderance of the evidence, that she and her predecessors possessed to an old fence line, the consequence of which would be to cause the south boundary of the Richard lot to be moved approximately 50 feet farther north.
LSA — C.C. Article 794 provides as follows:
When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds.
LSA — C.C. Article 3475, as then written, provided as follows:
Immovables are prescribed for by thirty years without any title on the part of the possessor, or whether he be in good faith or not.
In a boundary action, where there is a visible boundary which has been in existence for thirty years or more, and it is *607 shown that a party and his predecessors in title have possessed to the visible boundary, the plea of prescription should be sustained and the boundary fixed accordingly, granting ownership to the possessor. William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977); Fontenot v. Marks, 430 So.2d 810 (La.App. 3rd Cir.1983).
After hearing the testimony of the various witnesses (most of the trial concerned the fence and the possession issue), the trial judge concluded that the evidence was “in hopeless conflict”. Although the survey plat, as well as the earlier Jarrell plat, delineates a fence, the evidence is unclear as to its origin. Some of the witnesses for plaintiff testified that when plaintiffs purchased their property, there was no fence as shown, and that plaintiffs themselves had erected a fence. Others testified that part of the fence was down or that it was not visible prior to the Richards’ acquisition. Notwithstanding that the testimony of several witnesses for the defendant were diametrically opposed, we do not find from examination of the record that the trial court erred in his conclusion.
“The burden of proof is on the person claiming thirty years prescription to show when his possession began and that it continued as owner and adverse to the actual owner for the required thirty year period.” Lasseigne v. Clement, 311 So.2d 600, 603 (La.App. 4th Cir.1975, writ refused).
A boundary action in which the plea of prescription is injected involves a question of fact and the determination of fact by the trier should not be disturbed in the absence of manifest error. Williams v. Peacock, 441 So.2d 57 (La.App. 3rd Cir.1983).
Finally, defendant contends that the trial judge erred in restricting the motion for new trial to the consideration of whether the north and south boundary lines ran perpendicular to Occidental Street. No peremptory grounds were alleged in defendant’s motion. LSA — C.C.P. Article 1972. We further find no abuse of discretion by the trial judge in refusing to permit enlargement of the motion for new trial. State Board of Education v. Anthony, 289 So.2d 279 (La.App. 1st Cir.1973, writs refused).
In actuality, the defendant was permitted, over the objection of plaintiff’s counsel, to go beyond the restriction. Defendant introduced, for example, a 1916 map, at which time Occidental Street was not in existence. Defendant further sought to show, through testimony of Robert Wolfe, Jr., of Morgan Goudeau and Associates, the same firm of which Mr. Jarrell was a member, that Prudhomme Street is located differently now than it was in 1916, and that the variance had the effect of taking 20 feet from the north side of the Richards lot. That evidence, which was allowed subject to objection, was doubtless inadmissible as being in contravention of the trial court’s limiting order. Even if it were deemed to be admissible, however, it hardly supports defendant’s position. Although the description in the deed by which plaintiffs acquired referred to Prudhomme Street as the north call, or bounded by Prudhomme Street on the north, it must be presumed that the contracting parties had reference to the street as it existed in 1951, without reference to ancient maps or plats.
In defendant’s presentation of evidence and in her brief, considerable reference is made to the Vilaseca tract of land situated to the south of the Thierry property. No deed or other documentary evidence was introduced by the defendant, however, to show what the Vilaseca heirs owned. Its probative value is conjectural.
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.

. Mrs. Thierry’s immediate predecessor in title was Frederick Felton Donato, Dr. Donato’s son, whose name is erroneously set forth, presumably, as Felton F. Donato in the conveyance to him. He was also one of the vendors in the deed of conveyance to the Richards.

. In his brief, counsel for appellant complained that the surveyor neglected to review the titles sufficiently, and that no proces verbal was submitted by the surveyors. No such objection was made at the time the plats were offered in evidence;