223 So.2d 198 (1969)
Rene DUBOIS, Plaintiff and Appellant,
v.
Douglas J. RICHARD, Defendant and Appellee.
No. 2690.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1969.
*199 Broussard, Broussard & Moresi, by Paul Moresi, Jr., Abbeville, for plaintiff-appellant.
Kibbe, Edwards, Cooper & Sonnier, by Charles R. Sonnier, Abbeville, for defendant-appellee.
Before SAVOY, TATE and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a petitory action. Plaintiff has record title. Defendant relies on acquisitive prescription beyond his title, by 30 years possession to a visible boundary, under LSA-C.C. Article 852. From an adverse judgment plaintiff appealed.
The substantial issues are: (1) The existence of a visible boundary beyond defendant's title, to which he possessed, for the required period of 30 years. (2) Whether defendant can tack to his own the possession of his ancestors in title, to make the necessary 30 years possession.
The facts show that the plaintiff, Rene Dubois, is the record owner of Lot 10 and defendant, Douglas J. Richard, the record owner of adjacent Lot 9 on the north, both lots being in Block 9 of the F. F. Young Addition to the City of Abbeville, Louisiana. Each lot fronts 60 feet on the west side of Bailey Street and runs back therefrom in a westerly direction, between equal and parallel lines, a distance of 120 feet.
In about 1964, defendant's ancestor in title, Ovignac Broussard, constructed a chain link fence between the respective residences now owned by plaintiff and defendant. The fence encroaches on plaintiff's property, Lot 10, a distance of 9.8 feet on the front and a distance of 6.3 feet on the rear. The strip of land between Lot 9 and this fence is the property in dispute.
Defendant contends that the present chain link fence is in the same location as an old "picket fence" which was built between the properties in about 1920 and, although repaired and replaced from time to time, remained in this same location until about 1961, at which time it was taken down. However, two or three of the old fence posts and a boundary of shrubbery and trees remained to mark the boundary until the new fence was built in 1964.
On the other hand, plaintiff contends that the old picket fence, which he admits was constructed in about 1920, was not on the same line as the present chain link fence. He says the old fence was nearer the line between Lots 9 and 10. Plaintiff testified that some of the small shrubs, which are now on the north side of the new fence, were on the south side of the picket fence. He also contends that the picket fence was removed in 1955 or 1956 and hence no visible boundary was in existence until the chain link fence was built in 1964.
The trial judge did not give written reasons for judgment. But it is apparent he found the facts to be as contended by the defendant. We think the record supports such a conclusion. A clear preponderance of the evidence shows that the old picket fence, built in 1920, remained in the same location as a dividing visible boundary between these properties until it was removed, *200 whether in 1955 or 1961. From the time of the removal of the picket fence until the chain link fence was built in 1964, the line was marked by remnants of the old fence and a row of shrubbery. Also, the new fence is in the same location as the old fence. Hence, the facts show that defendant and his ancestors in title have possessed beyond their title to a visible boundary for a period of well over 30 years.
The applicable law is now well established. Acquisitive prescription beyond title by possession to a visible boundary for a period of 30 years, as provided by LSA-C.C. Article 852,[1] may be pleaded as a defense in a petitory action. Stanford v. Robertson, La.App., 144 So.2d 747 (3rd Cir. 1962); Nelken v. Aldredge, La.App., 128 So.2d 843 (3rd Cir. 1961). Unlike the acquisitive prescription of 30 years by adverse possession as owner, LSA-C.C. Article 3499, where the possession of predecessors in title cannot be tacked, the tacking of possession is permitted for acquisitive prescription beyond title to a visible boundary, provided by LSA-C.C. Article 852. See Stanford v. Robertson, supra, and the authorities cited therein; Cox v. White, La. App., 160 So.2d 418 (2d Cir. 1964); Martin Timber Company v. Taylor, La.App., 187 So.2d 196 (3rd Cir. 1966); Abramson v. Piazza, La.App., 198 So.2d 565 (3rd Cir. 1967).
Applying these rules to the facts of the present case, defendant has acquired title to the disputed strip by acquisitive prescription under LSA-C.C. Article 852.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
NOTES
[1] Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.