368 So.2d 1126 (1979)
Roy J. LEBLANC, Plaintiff-Appellant,
v.
Else P. LABORDE, Defendant-Appellee.
No. 6844.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1127 Don R. Wilson, John R. Contois, Marksville, for plaintiff-appellant.
Ben C. Bennett, Jr., Marksville, for defendant-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
FORET, Judge.
Plaintiff, Roy J. Leblanc, brought this suit to establish the boundary between his property and that of the defendant, Else P. Laborde. The defendant answered, asserting that there was no need to fix the boundary between the two tracts of land as there was already an existing visible boundary up to which he had possessed and acquired by virtue of the acquisitive prescription of ten, twenty and thirty years.
The central question presented in this appeal is whether the trial judge erred when he held that the facts of this case established that defendant had acquired the property to the existing fence by virtue of thirty-year acquisitive prescription.
Defendant acquired the disputed tract of land from Walker Joe on June 11, 1948. This property is located in Avoyelles Parish, and adjacent to its southern and western borders lies the tract owned by the plaintiff. Mr. Leblanc alleges that the boundary between the two tracts extends to that point provided for in his title. Defendant claims that he possesses to a fence, extending beyond the line stated in the title.
The trial court held that the defendant and his ancestor in title, Walker Joe, had possessed the property to the existing boundary fences, at the same location, for over forty years prior to this suit. The trial judge ruled that the existing fence served as the boundary line between the two tracts of land. The plaintiff now appeals.
New LSA-C.C. Article 794 provides:
"When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds."
This article became effective January 1, 1978, and applies to this action since suit was not filed herein until January 6, 1978. The new Article 794 replaces Article 852 of the Louisiana Civil Code of 1870, but does not change the law as stated within Article 852, nor does it affect the line of jurisprudence which developed in interpreting Article 852.
Under Article 852[1], and now under Article 794, where there is a visible boundary and where there has been actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds, then the party who possesses *1128 acquires the right to the land beyond their title. William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977); Brookshire v. Guidry, 355 So.2d 559 (La. App. 3 Cir. 1978).
The requirements of these articles indicate that one must maintain an enclosure, such as a fence, around the property and exercise open, physical possession as owner for a continuous and uninterrupted period of thirty years. Martin Timber Company v. Taylor, 187 So.2d 196 (La.App. 3 Cir. 1966). There must have been not only evidence of a corporeal possession of the property for the required period of time, but also a positive intent to possess as the owner shown by the possessor during that time. William T. Burton Industries, Inc. v. McDonald, 346 So.2d 1333 (La.App. 3 Cir. 1977). Finally, the tacking of possession of all predecessors in title is permitted for acquisitive prescription beyond title to a visible boundary. Dubois v. Richard, 223 So.2d 198 (La.App. 3 Cir. 1969).
The record in this case reveals that prior to the execution of the 1948 sale from Joe to Mr. Laborde, Ivy A. Normand, the individual who prepared defendant's purchase, examined the tract of property and measured as being included within its dimensions that area enclosed by the fence. Mr. Normand testified in court and stated that at the time of the sale there was clearly existing along the southern and western boundaries of the property, an old fence. He testified that to his knowledge the fence had been there for some time prior to the sale, and that this same fence had been continuously maintained and repaired by the defendant since this purchase.
Other testimony at the trial indicated that this fence had existed at least ten years prior to the sale of the property from Joe to Laborde. Walker Joe himself had possessed up to the fence. The defendant stated that he had never changed the location of the fence since his purchase of the property and others testified that to their knowledge the fence had always been situated at its current location. Also, it was shown that defendant had exercised physical possession over the property up to the enclosure in that he grazed cattle on the property, hunted, and maintained the property and the fence in good condition.
Clearly, under the facts of this case, defendant has fulfilled the requirements of Articles 794, 3499[2] and 3500[3]. It is well settled that in a boundary action, where the boundary is located is a question of fact to be determined by the trier of fact, and such a determination should not be reversed on appeal in the absence of manifest error. Gelpi v. Shall, 355 So.2d 1014 (La.App. 4 Cir. 1978). In this case, the record amply supports the decision of the trial court. Since defendant was entitled to tack on the possession of his predecessor in title, this Court upholds the action taken by the trial court in ruling that the defendant acquired the property up to the existing fence by the thirty-year possession to a visible boundary.
We do not find, in the record, sufficient evidence to describe with particularity the location of the disputed boundary. There is no reliable evidence in the record on which an accurate description can be based because no surveyor has been appointed and no survey or proces verbal thereof has been made. This Court, therefore, can only affirm the factual findings of the trial court. Thus, the boundary has not been judicially "fixed" as the action in boundary requires under the circumstances. In absence of agreement between the parties, that must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses. La.Civil Code Articles 833-839. Thereafter, the trial judge will render a judgment, based on that survey giving a particular *1129 description by measurement relating the fence line as the true boundary to the ideal boundary and making reference to the plat of survey, all to be filed of record in the office of the Clerk and Recorder for the Parish of Avoyelles. See William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977).
A survey should be made despite the fact that the issue of possession of the property within the fence line for 30 years has been satisfactorily established in defendant, Laborde's favor. Such a result is dictated by the Code when it declares that an action of boundary cannot be prescribed against. La. Civil Code Articles 824-825; La.Code of Civil Procedure Article 3691. And the survey is made a necessary part of an action in boundary. La.Civil Code Articles 833-839; La.Code of Civil Procedure Article 3692. It is a method of law prescribed to bring certainty to the resolution of the question and set the boundary at rest among neighbors. The survey serves moreover to preserve record evidence of the boundary by confirming the location of the fence line.
We further hold, in accordance with William T. Burton Industries, Inc. v. Wellman, supra, that Laborde should not be taxed with the costs of these proceedings or the survey to be made in connection therewith.
Accordingly, we remand the case to the trial court for the appointment of a surveyor and further proceedings in accordance with the above, with instructions that the costs of the survey shall be assessed against the plaintiff.
For these reasons assigned, the judgment of the trial court is affirmed in all respects, except that the case is remanded to the trial court to be proceeded with in accordance herewith.
All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.
NOTES
[1] Art. 852. Acquisitive prescription beyond title

Art. 852. Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.
[2] LSA-C.C. Article 3499:

"The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
[3] LSA-C.C. Article 3500:

"The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."