485 So.2d 667 (1986)
Marjorie B. DUNBAR, Plaintiff-Appellee,
v.
Joseph THIBODEAUX, Defendant-Appellant.
No. 84-991.
Court of Appeal of Louisiana, Third Circuit.
March 25, 1986.
Felix A. DeJean, III, Opelousas, for defendant-appellant.
James P. Doherty, Jr., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in concluding that the defendant could only be successful in his petitory action by proving his ownership of the property in dispute by record title, and not by acquisitive prescription, and if the trial court was in error, whether or not the defendant met the burden of proof necessary to establish his ownership of the property by acquisitive prescription.
*668 The plaintiffs instituted a possessory action against the defendant, seeking to be maintained in possession of property situated in St. Landry Parish, Louisiana. The defendant filed an answer of general denial and reconvened to claim record title to the property thus converting the plaintiff's suit into a petitory action by judicially confessing the possession of the plaintiffs. After a trial on the merits, the trial court held in favor of the plaintiffs and against the defendant, rejecting defendant's contention that he was the owner of the property. The defendant appeals. We affirm.

FACTS
On December 29, 1982, the heirs of J. Austin Perkins and C.P. Dunbar (hereinafter referred to as plaintiffs) instituted a possessory action against Joseph Thibodeaux (hereinafter referred to as defendant), praying that they be maintained in possession of a tract of land (hereinafter referred to as the disputed property) situated in St. Landry Parish, Louisiana, and described as follows:
"A certain tract of land containing approximately 30 acres, more or less, lying in the east one-half of the Northeast Quarter of Section 17, Township 5 South, Range 7 East, St. Landry Parish, Louisiana, being bounded now or formerly as follows: North by Milroy & Hodge; south by Hugh Chamberlain; east by the Atchafalaya River; and west by the levee along the west side of the Atchafalaya."
Plaintiffs allege in their petition that defendant disturbed their possession of the disputed property beginning in 1980, when defendant caused quit claim deeds to the disputed property, executed in his favor, to be filed in the conveyance records of St. Landry Parish, Louisiana. Plaintiffs further claim that defendant added to the disturbance of their possession of the disputed property by causing a plat of survey of the disputed property, showing that it was made for the defendant, to also be filed in the records of St. Landry Parish, Louisiana, in May, 1981, and by the defendant constructing a fence and gate on the disputed property.
Defendant filed an Answer of general denial to plaintiffs' petition and a reconventional demand claiming that he was the owner of the property in dispute by virtue of record title acquired by his ancestors-in-title. Defendant prayed for recognition of his record title to the disputed property, and in the alternative, for reformation of the deed, granted to his ancestors-in-title by the plaintiffs' ascendants, so that his record title would include the property in dispute.
On October 12, 1983, plaintiffs filed a Motion for Summary Judgment in their possessory action since defendant judicially confessed their possession of the property by asserting his ownership of the disputed property by record title. Judgment was rendered by the trial court on December 2, 1983, and signed on December 12, 1983, recognizing and maintaining the possession of plaintiffs in the disputed land.
The issue presented at trial was whether or not defendant's ownership runs to the east of a public road, at the foot of a levee on the west side of the Atchafalaya River, or runs to the west side of the river itself.
Evidence was presented in defendant's petitory action on January 10, 1984. The defendant testified that his record title to the property derived from the sale of a tract of property on December 1, 1931 by J. Austin Perkins, Robert C. Dunbar, and John Slonzo Dunbar to Theodore C. Soileau and Agnes Soileau, defendant's mother. The property description in this 1931 act of sale specifically stated that the property sold was bounded on the east by a "... public road running from Krotz Springs to Melville lying along the present west levee of the Atchafalaya River ...". The property in dispute, which is approximately twenty-eight (28) acres, lies east of a public road and a levee located on the west side of the Atchafalaya River, the disputed land being located between the west levee of the river and the west side of the river.
The trial court rendered judgment on May 9, 1984, rejecting defendant's demand *669 that he be recognized as owner of the property in dispute. In his Reasons For Judgment, the trial court noted that defendant's record title "only goes to the public road at the base of the levee, and does not cross the levee and extend to the river (all of its east boundary)." The trial court additionally rejected defendant's demand for a reformation of the 1931 deed. Defendant devolutively appeals and argues that the trial court erroneously concluded that, because defendant judicially confessed possession of the disputed property to plaintiffs, he could only prove his ownership of the disputed property by record title and not by acquisitive prescription.

BURDEN OF PROOF IN PETITORY ACTION
LSA-C.C.P. Article 3657 provides that when the defendant in a possessory action asserts title in himself, he thereby converts the suit into a petitory action and judicially confesses the possession of the plaintiff in the possessory action. Accordingly, the defendant in the possessory action becomes the plaintiff in the petitory action and bears the burden of proving his ownership of the property. Vallee v. Richardson, 331 So.2d 201 (La.App. 3rd Cir. 1976), writ den., 337 So.2d 523 (La.1976).
In his Reasons for Judgment, the trial judge stated the following:
"With respect to the claimed ownership on the part of Defendant, there are two ways for him to prove ownership: By prescription, through possession; and by title.
Since possession has been conceded to the Plaintiff[s], the Defendant is left with a claim based on his title.
* * * * * *
The Court heard a great deal of testimony about fences and running cattle, and doesn't understand the impact thereof, as possession has been conceded to the Plaintiff.
Accordingly, the title of the Defendant must fail, because the east boundary is clearly defined and stops at the road; and does not go to the River.
Therefore, the Petitory Action of the Defendant must fail."
Defendant argues that the trial court erred in concluding that, by defendant judicially confessing possession of the property in the plaintiffs, he could only prove his ownership of the property by record title and not by acquisitive prescription. Based upon the trial court's Reasons For Judgment, we find that the trial judge apparently concluded that defendant (plaintiff in reconvention) could only be successful in his petitory action if he could prove that he had record title to the property which was "good as against the world" without regard to the title of the plaintiff (defendant in reconvention) and not by acquisitive prescription. See, e.g. Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974); Weaver v. Hailey, 416 So.2d 311 (La.App. 3rd Cir. 1982), writ not considered, 420 So.2d 159 (La.1982).
The burden of proof upon a plaintiff in a petitory action is outlined in LSA-C.C.P. Art. 3653, which provides in part:
"To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof...". (Emphasis added.)
Therefore, even though defendant judicially confessed that the plaintiffs (defendants in reconvention) presently possessed the disputed property, he could still prove he acquired ownership of the disputed property by acquisitive prescription. LSA-C.C. Art. 531; LSA-C.C. Art. 3653(1); Tassin v. Rhynes, 366 So.2d 580 (La.App. 3rd Cir. 1978), writ den., 368 So.2d 123 (La.1978); Avery v. Nash, 448 So.2d 841 (La.App. 2nd Cir.1984). We find that the trial court erred in concluding that defendant could not be successful in his petitory action by proving that he acquired ownership of the property in dispute by acquisitive prescription *670 prior to the time this suit was brought by the plaintiffs.

ACQUISITIVE PRESCRIPTION
Despite the trial judge's erroneous conclusions regarding defendant's right to prove his ownership of the disputed property by acquisitive prescription, he nevertheless allowed defendant and defendant's witnesses to testify as to defendant's alleged possession of the disputed property. Since the record is complete, there is no need for the case to be remanded to the trial court. Therefore, we must decide whether the evidence presented by defendant establishes his ownership of the disputed property by acquisitive prescription.
The requisites for acquisitive prescription of ten years are: (1) possession of ten years, (2) good faith, (3) just title, and (4) a thing susceptible of acquisition by prescription. LSA-C.C. Art. 3475. We agree with the trial judge that defendant's record title defines his east boundary as the east side of a public road lying west of the levee on the west side of the Atchafalaya River. For this reason, defendant cannot establish his ownership of the disputed property by ten year acquisitive prescription because his record title, by which he claims ownership of the disputed property between the levee and the river, does not include the land in dispute.
It is possible, however, for defendant to establish his ownership of the disputed property by thirty year acquisitive prescription. A possessor of land lacking a just title may acquire prescriptive title to the land by corporeally possessing the land for thirty years with the intent to possess as owner. LSA-C.C. Arts. 3486, 3487 and 3424. Such possession must be continuous, uninterrupted, peaceable, public, and unequivocal. LSA-C.C. Arts. 3476 and 3488. Additionally, under LSA-C.C. Art. 794, a title holder may acquire more land than his title calls for by possessing property beyond his title for thirty years without interruption and within visible bounds, such as the river. Nugent v. Franks, 471 So.2d 816 (La.App.2nd Cir.1985). In such case, the tacking of possession of all predecessors-in-title is permitted for acquisitive prescription beyond title to a visible boundary. Leblanc v. Laborde, 368 So.2d 1126 (La. App.3rd Cir.1979), writ den., 369 So.2d 1377 (La.1979); Williams v. Peacock, 441 So.2d 57 (La.App.3rd Cir.1983).
Our review of the record reveals that defendant has failed to prove that he and his ancestors-in-title have possessed the property in dispute for thirty years. Defendant testified that he has lived across the road from the disputed property for approximately thirty-eight (38) years. He further testified that he fenced in the property, and paid for the installation of a cattle guard on the northern portion of the property, in 1967. To corroborate his testimony, defendant introduced into evidence a fence permit issued by the Red River-Atchafalaya and Bayou Boeuf Levee District, dated March 1, 1967, allowing defendant to erect a fence across the levee "... between Krotz Springs and Melville on property leased ..." (Emphasis supplied) in St. Landry Parish, Louisiana. The permit also acknowledged receipt of $100.00 from defendant for the cattle guard installed by the Levee District. Defendant further testified and introduced evidence that the disputed property has been assessed in his name since 1981. Nevertheless, the only evidence submitted by the defendant pertaining to the possession of the disputed property by him or his ancestors-in-title prior to 1967 was defendant's testimony that his uncle, Mr. Lecester Soileau, built a fence on the southern boundary of the disputed property "about 10-12 years, I guess" before 1967.
Defendant produced several witnesses to corroborate his testimony that he personally possessed the disputed property as owner from 1967 to the date of trial. Mr. Anthony Dicapo, the foreman for the Red River-Atchafalaya Levee District, is in charge of maintaining the levee and testified that he has been dealing with defendant on the property in dispute for about ten years prior to the trial. Mr. Dicapo further testified that, in his capacity as foreman, *671 he has never had any dealings with plaintiffs on the disputed property.
Mr. Steve Dicapo, Anthony Dicapo's uncle and defendant's stepfather, testified that he lived across the road from where the disputed property is located from 1938 to 1948. He further testified that he never had any dealings with plaintiffs in connection with the property, and that he always considered Theodore Soileau and his wife, Agnes, to be in charge of the property. Mr. Steve Dicapo also corroborated defendant's testimony that defendant had erected fences on the property.
Another witness who testified on behalf of defendant was Kirtley Ortego, defendant's first cousin. Mr. Ortego testified that, with the permission of defendant, he has been fishing in the bar pits located on the property since 1968. He further testified that he has never consulted plaintiffs about fishing on the disputed property.
Mr. Edward Lawrence Ellis, a witness for plaintiffs, contradicted defendant's alleged possession of the disputed property as owner. Mr. Ellis testified that he, together with the defendant and others, jointly leased the property in dispute from plaintiffs for five years, beginning in 1962. He also testified that he participated with defendant in erecting the fences on the disputed property. Mr. Ellis also stated that prior to 1968 he cut timber on the property which he sold to True Wood Products and that he told True Wood Products to pay stumpage to the plaintiffs. As previously stated defendant judicially admitted that he was not presently in possession of the disputed property and that plaintiffs presently possessed the disputed property at the time suit was instituted.
In order to prove that he acquired ownership of the property in dispute by thirty years acquisitive prescription, defendant must have shown at trial that he or his ancestors-in-title began possessing the disputed property between the levee and river as owners no later than December, 1952, which is thirty years prior to the date when plaintiffs filed their suit against defendant. See LSA-C.C. Arts. 3462 and 3465. As previously mentioned the only evidence pertaining to the possession of the disputed property by defendant's ancestors-in-title was defendant's testimony that his Uncle Lecester Soileau built a fence on the disputed property ten to twelve years prior to 1967, which would be 1955 to 1957. As defendant (plaintiff in reconvention) has failed to prove his continuous, uninterrupted, public, and unequivocal possession of the disputed property for thirty years, we find that defendant has failed to prove his ownership of the property by acquisitive prescription of thirty years. Avery v. Nash, supra.
For the reasons assigned above, the judgment of the trial court is affirmed at defendant-appellant's costs.
AFFIRMED.