KNOLL, Judge.
This is a concursus proceeding instituted by Linder Oil Company (Linder) against LaBoKay Corporation (LaBoKay) and Ur-sin Perkins to apportion certain producing mineral royalties on a 25.67 acre tract of land in Allen Parish. The trial court held that LaBoKay was the possessor and owner of 19.43 acres and that Perkins was the possessor and owner of 6.24 acres, and apportioned the mineral royalties accordingly. •
Only LaBoKay perfected an appeal as to the ownership of the 6.24 acres. Thus, the trial court’s judgment regarding LaBo-Kay’s possession and ownership of 19.43 acres of the disputed tract is not before us. In its appeal, LaBoKay contends: (1) that the trial court erred in applying the rules of acquisitive prescription to Perkins’ claim because Perkins failed to specifically plead prescription in his answer; (2) even if evidence of Perkins’ possession was properly considered, Perkins failed to establish possession sufficient to defeat LaBoKay’s evidence of ownership; and, (3) the trial court erred in ruling on various items of proffered evidence which supported LaBoKay’s *901 ownership claims. We reverse the judgment of the trial court as it relates to Perkins’ ownership of the 6.24 acres.
FACTS
Linder obtained mineral leases from La-BoKay and Perkins on a 25.67 acre tract situated in the SE/2 of the SW/4 of the NE/4 of Section 11, T6S, R6W, in Allen Parish, on July 24, 1984, and February 28, 1986, respectively.
There is no question that LaBoKay and its predecessors had ownership by record title to the property Linder leased. However, it is clear that Linder’s lease from Perkins was necessitated because on April 20, 1983, Sidnah LeBlanc, whose property borders the south of the tract Linder leased, sold to Perkins whatever interest in the 25.67 acres which she may have acquired through possession beyond her title. On July 16, 1987, Linder completed a well on the property in dispute, and a production unit was established. Since the commencement of production, Linder has deposited the accrued royalties into the registry of the court.
Perkins answered Linder’s petition for concursus, pleading his possession of the 6.24 acres for one year prior to the disturbance by LaBoKay, as well as asserting his 1983 acquisition of whatever interest Sid-nah LeBlanc had. In LaBoKay’s answer to Linder’s concursus proceeding, it admitted Perkins’ possession, alleged its ownership of the property by a regular chain of title originating with a patent from the State of Louisiana, and alternatively pleaded acquisitive prescription of ten and thirty years.
PETITORY ACTION
In the first instance, LaBoKay contends that the trial court erroneously allowed Perkins to introduce evidence of the various acts of possession into the record even though he did not specifically plead acquisitive prescription as a defense to the pet-itory action in his answer.
To preserve a party’s right to urge error on appeal, it is necessary to make formal objection to the admissibility or competency of the evidence sought to be introduced. Senegal v. George Theriot’s, Inc., 445 So.2d 137 (La.App. 3rd Cir.1984), writ denied, 448 So.2d 114 (La.1984). We have carefully reviewed the record and find that LaBoKay did not timely object to evidence of Perkins’ possession during the course of trial. Moreover, in light of our ruling hereinafter, we find that this issue is moot.
LaBoKay next contends that the trial court erred in finding that the farming activity of Perkins and his ancestors in title on the 6.24 acres located in the southeast corner of the 25.67 acre tract for a period of 30 consecutive years was sufficient to give notorious and public notice of possession. We agree with LaBoKay’s contention.
Though this litigation began as a concur-sus proceeding, the issues at trial were presented in terms of LaBoKay’s ownership asserted through a petitory action, and Perkins’ defense of possession of the property.
In the present case, LaBoKay admitted that Perkins was in possession of the property. Thus its burden was to establish ownership of the property. LSA-C.C. Art. 531. The trial court found that LaBoKay satisfied its burden of proof with regard to the 19.43 acres, but found that Perkins established ownership through possession of the 6.24 acre tract sufficient to defeat LaBoKay’s title ownership of that portion of the property.
The only issue before us on appeal is whether the trial court’s determination regarding Perkins’ ownership by possession of the 6.24 acre tract was correct.
Acquisitive prescription beyond title by possession to a visible boundary for a period of 30 years may be pleaded as a defense in a petitory action. Dubois v. Richard, 223 So.2d 198 (La.App. 3rd Cir.1969).
In light of this jurisprudence, we find the following codal articles are applicable to Perkins’ assertion of possession:
LSA-C.C. Art. 3486
“Ownership and other real rights in im-movables may be acquired by the pre *902 scription of thirty years without the need of just title or possession in good faith.”
LSA-C.C. Art. 3487
“For purposes of acquisitive prescription without title, possession extends only to that which has been actually possessed.” Furthermore, a possessor without good faith may tack on to his own possession that of his ancestors in title to make up the required 30 years adverse possession provided that uninterrupted possession was exercised by the possessor as owner up to a visible boundary. Cuthbertson v. Unopened Succession of Tate, 544 So.2d 1236 (La.App. 3rd Cir.1989).
A boundary is defined in LSA-C.C. Art. 784 as, . the line of separation between contiguous lands. A boundary marker is a natural or artificial object that marks on the ground the line of separation of contiguous lands.” The land actually, physically, and corporeally possessed by one as owner must be established with certainty; that is, that they must be sufficient to give definite notice to the public and all the world of the character and extent of the possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof. Cuthbertson, supra at page 1239. However, acquisitive prescription does not run in favor of a precarious possessor or his universal successor. LSA-C.C. Art. 3477. The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession. LSA-C.C. Art. 3437.
In the present case, Perkins based his claim on the possession of the property which began with the possession of Claude J. LeBlanc, who died in 1949, and his widow, Mrs. Sidnah Perkins LeBlanc, the sister of Perkins. The LeBlancs owned a large tract of property south of and adjacent to the 25.67 acres in dispute, but had no recorded title to any of the disputed acreage. Initially, Perkins contended that the LeBlancs acquired ownership of the 6.24 acres through acts of possession exhibited by their farming through sharecroppers and the pasturing of farm animals on this land. After carefully reviewing the evidence, we find that there was no evidence of their use of the land as pasturage. Accordingly, the evidence boils down to whether the farming activities on the 6.24 acres constituted the requisite possession to establish ownership.
Beginning on October 22, 1947, H.M. Walker farmed for Claude J. LeBlanc under a written five year rice lease. Walker leased land south of the disputed property, namely: the E/2 of the SW/4 and the SE/4 of Section 11, S/2 of the SW/4 of Section 12, the NW/4 of Section 13, the NE/4 of the SW/4 of Section 13, and the NW/4 of the SE/4 of Section 13. On January 1, 1948, C. J. LeBlanc transferred this lease in writing to Atney Duhon. Duhon continued farming the LeBlanc acreage until his death in 1973; thereafter, Cranford Manuel, Willie Langley, and Joe Ceasar successively farmed the property until the date of trial. Although Duhon was deceased prior to trial, the evidence preponderates that he conducted rice farming on the 6.24 acres. However, on November 25, 1953, Atney Duhon also began farming approximately 25 acres in the SW/4 of the NE/4 of Section 11, i.e., the description of the property in dispute, together with other land not involved in this litigation, pursuant to a four year written agricultural lease with Industrial Lumber Company, Inc. (Industrial), a predecessor company of LaBoKay. On November 15, 1957, Industrial renewed the lease for an additional three years.
The testimony of the witnesses who farmed the property together with the photographic evidence shows that the south-easternmost 6.24 acres of the disputed property had been farmed for a number of years. Nevertheless, after carefully reviewing the record, we find that the trial court erred in holding that this activity was sufficient to establish Perkins’ possession of that portion of the property. It is clear that Duhon’s farming activities were done with the permission of Industrial, a predecessor in title to LaBoKay, and that accordingly he was a precarious possessor. Therefore, we hold that Perkins’ failed to establish sufficient open and notorious pos *903 session to acquire ownership of the 6.24 acres.
On the other hand, the record clearly establishes LaBoKay’s title ownership of the 6.24 acres from patent from the State of Louisiana followed by a regular recorded chain of title to LaBoKay’s deed of acquisition. LaBoKay’s predecessors in title were the only ones to pay taxes on the property until Perkins purchased Sidnah LeBlanc’s alleged ownership interest in 1983. These predecessors in title also granted mineral leases, executed timber sales, leased pasture rights, received royalty payments from other producing wells, and exhibited other indicia characteristic of ownership of the property. Therefore, we find that the trial court was manifestly erroneous in rendering judgment in favor of Perkins’ as to the 6.24 acres, and that it should have recognized LaBoKay’s record title to the entire 25.67 acre tract in dispute.
For the foregoing reasons, the judgment of the trial court in favor of Perkins as it relates to the southeasternmost 6.24 acres is reversed and set aside. Judgment is rendered in favor of LoBoKay and against Perkins, recognizing LABOKAY CORPORATION to be the owner of the following described property situated in the Parish of Allen, State of Louisiana, to-wit:
A parcel of land situated in the Southeast (SE) corner of the Southwest Quarter of Northeast Quarter (SWV4 of NEVQ of said Section Eleven (11), Township 6 South, Range 6 West, Louisiana Meridian, containing 6.24 acres, more or less, and being further described as follows:
Commencing at the Southeast (SE) corner of SW'A of NEV4 of said Section 11, thence running west a distance of 765.9 feet; thence north 45 degrees 39 minutes east a distance of 354.6 feet; thence north 32 degrees 14 minutes east a distance of 245.3 feet; thence north 58 degrees 55 minutes east a distance of 426.9 feet to the east line of said SWVí of NEVi of said Section 11; thence running south, along said east line, a distance of 650.6 feet to the point of beginning, as according to that certain plat of survey prepared by Robert A. Fenstermaker, Registered Land Surveyor, dated April 16, 1983, and supplemented on July 13, 1988.
As such owner, LaBoKay is entitled to all proceeds of royalty from oil, gas, and mineral production attributable to the above described land deposited by Linder Oil Company in the registry of the Clerk of Court for Allen Parish, as well as all future royalty production payments to be made by Linder Oil Company and attributable to the above described lands. Costs of the trial court and of this appeal are assessed to Ursin Perkins. In all other respects not inconsistent herewith, the judgment of the trial court is affirmed.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.